# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUANE ANTHONY HENRY,<br><br>                           Petitioner,<br><br>vs.<br><br>ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,<br><br>                           Respondent. | CASE NO. 12cv541-MMA (BGS)<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE FOR LACK OF JURISDICTION** |

Petitioner is a detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently confined at James A. Musick Detention Facility in Irvine, California, which is located within the Central District of California. As such, the Court lacks jurisdiction over the person of Petitioner's custodian and must dismiss the petition.

Title 28 of the United States Code, section 2241(a) provides that writs of habeas corpus may be granted by the district courts "within their respective jurisdictions." A writ of habeas corpus operates not upon the prisoner, but upon the prisoner's custodian. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-495 (1973). A petitioner filing a petition for writ of habeas corpus under section 2241 must file the petition in the judicial district of the petitioner's custodian. *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1990). The warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition, and the petition must be filed in the district of confinement. *Id*.; *Rumsfeld v. Padilla*, 542 U.S. 426, 446-47 (2004).

In *Rumsfeld v. Padilla*, the Supreme Court clarified that the person who has custody over the petitioner is the petitioner's immediate custodian. "[I]n habeas challenges to present physical confinement— 'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some remote supervisory official." *Id*. at 435, citing *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. at 494-95; *Wales v. Whitney*, 114 U.S. 564, 574 (1885). Simply put, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Padilla*, 542 U.S. at 447.

As noted above, Petitioner is currently confined in Irvine, California. Under the rule articulated in *Padilla*, the proper respondent for his petition is the warden of that facility, and the only district court having jurisdiction over his petition is the United States District Court for the Central District of California. Accordingly, the Court **DISMISSES** Petitioner's petition without prejudice to refiling in the Central District.

**IT IS SO ORDERED**.

DATED: March 26, 2012

Hon. Michael M. Anello
United States District Judge